(Superior Court of Cincinnati—*General Term.*)

THE CIN., N. & C. RAILWAY Co. *v.* FREDERICK W. WOOD, Receiver of the Maryland Steel Co.

---

*Under what circumstances a garnishee is exempt from payment of interest.*

---

A garnishee is exempt from paying interest on the money garnisheed in his hands when it appears that he is holding the money as trustee for the person entitled to it, and without using it or deriving any benefit from so holding it.

(Decided January, 1895.)

---

ON ERROR to Special Term.

SAYLER, J.

Frederick W. Wood, receiver of the Maryland Steel Company, a corporation organized under the laws of the state of Maryland, the plaintiff below, filed a petition against the Cincinnati, Newport & Covington Railway Company, setting out the receivership ; that the Maryland Steel Company, in the months of March and April, 1893, sold and delivered to the said The Cincinnati, Newport & Covington Railway Company steel rails to the value of $29,162.75 in two shipments, one on March 27, 1893, and one on April 14, 1893 ; that by the terms of the sale the said defendant agreed to pay interest upon said accounts at the rate of six per cent per annum if the same were not paid within thirty days of the date of sale ; that the said accounts were not paid by the said defendant when they became due, but on January 17, 1894, the said defendant paid the principal of said accounts, with interest from January 2, 1894, and refused to pay interest on the accounts from the date the same became due to January 2, 1894, and has not paid the same, and the plaintiff below asks judgment for the amount of said interest.

The defendant below filed answer in which it admits the receivership and the purchase of the rails, with a small correction as to amount ; and that they were purchased upon thirty days' time, with an agreement that if not paid at the expiration of said thirty days, the defendant was to pay six per cent. interest on said amount until said amounts were paid. And "defendant says that it was at all times prepared and ready and willing to pay said amounts according to the terms of said contract ;" but defendant says that before said amounts, or either of them, became due, the plaintiff was appointed receiver of said company by the Circuit Court of Baltimore, Maryland, and that, as such receiver, he claimed to be the owner of said accounts, and notified the defendant of said claim ; that on the twenty-ninth day of April, 1893, a suit was brought in this court in case No. 46850, Naylor & Co. against the said Maryland Steel Company and others, in which the plaintiff claimed that the defendants were indebted to them in a large sum of money, but in which case said Wood, receiver, was not made a party ; that on said day an order of attachment and garnishment was issued in said case, and the writ of garnishment was served on the said the Cincinnati, Newport & Covington Railway Co., garnisheeing in its possession all the moneys, etc., due, or to become due by it to said Maryland Steel Company, and requiring them to answer in said case as required by law ; that on the first day of August, 1893, a suit was brought in this court in case No. 47027 by the Manhattan Company against the Maryland Steel Company and others, in which the plaintiff claimed that the defendants were indebted to it in a large amount, but that said Wood, receiver, was not made a party to said case ; that on said day a writ of attachment and garnishment was issued in said case and served on this defendant, as in the former case. And the said defendant further says that it filed its answer as garnishee in both of said cases, admitting its indebtedness to the Maryland Steel Company, and pleading that prior to the writ of attachment in either of said cases the said Wood had been appointed receiver of said company by the Circuit Court of Baltimore, Maryland ; that he claimed to be the owner of the said amount owing, and that he notified it, the said The Cincinnati, Newport & Covington Railway Company, of his said claim of ownership, and that he would claim the payment of said sum from it to himself, as receiver, and that it prayed the direction and protection of the court as to whom it should pay said money. And the said defendant further says that by reason of the said receiver not being a party in said cause, it could not tender or pay said money into court; that after its said answers, as garnishee, were filed, the said Wood, receiver, caused himself to be made a party defendant in said causes, for the pur-

pose of moving to dissolve and discharge said attachments, and that he did make said motions, and that the court dissolved said attachment in the case No. 46850, but that in the case No. 47027 the court overruled the motion, and ordered this defendant, as garnishee in said cause, to pay to the plaintiff $25,645, with interest from January 2, 1894, and to pay the residue of the fund so garnished to said Wood, receiver ; that this defendant, pursuant to said order, paid said amount to the plaintiff in this case, and paid to the attorneys of said Wood $3,461.30, being the residue with interest from January 2, 1894, the date of said judgment, and that it was thereupon dismissed from all further liability as garnishee. And the said the Cincinnati, Newport & Covington Railway Company further says that by reason of these matters and things it is not liable for interest on the sums attached in its possession from the date of said attachment proceedings to January 2, 1894, and having fully obeyed the orders of the court in said causes, it should be dismissed with its costs.

A demurrer was filed to this answer, which was sustained by the court, to which judgment the defendant below excepted.

Thereupon the defendant below filed an amendment to said answer, in which it re-affirms the allegations therein contained, and further says : " That during the pendency of the suits, Nos. 46,850 and 47,027, of the Superior Court of Cincinnati, set out and alleged in the original answer of this defendant, this defendant was at all times ready, able and willing to pay the money garnisheed in its possession, in said causes, as in said original answer stated, to the party or persons who might by said court be determined to be the owner of said money, or, as this court might, under this defendant's prayer for protection in said causes made, direct said defendant to pay said money."

A motion was filed by the plaintiff below to strike the amended answer from the files, and for a judgment.

The court granted this motion and gave judgment for the plaintiff below for the amount claimed, to all of which the defendant below excepted.

The defendant below, as plaintiff in error, seeks to reverse said judgment of the court below.

The plaintiff in error, the Cincinnati, Newport & Covington Railway Company, claims that it is not liable for interest, because it occupied the position of stakeholder during the pendency of the attachment suits.

It claims that it was at all times prepared, ready, able and willing to pay the amount of said indebtedness; that before it became due the payment was stopped, not at its election, but by operation of law ; that as soon as it was ordered to pay in the attachment proceedings, it paid the amount ordered, and paid the balance over to Wood, receiver ; that it could not pay into court in the attachment proceedings, as Wood, receiver, was not a party. And it is claimed, as these matters are admitted by the demurrer, it must be taken as an admission that the railway company *had the money in its possession*, and was ready and willing to pay it out at any time it could do so with safety to itself.

It seems to us that the rights of the parties herein are to be determined by the rules laid down by the Supreme Court in the case of *Candee et al.* v. *Webster*, 9 Ohio St. 452. In that case the court holds : " In attachment proceedings the garnishee is not, during the pendency of the same, thereby *necessarily* exempted from an ²existing liability to pay interest upon his indebtedness to the defendant in attachment."

The court reviews authorities from other states, and say, *Ib.* 458 : "All the adjudications in other states referred to seem consentaneous upon the *reason* for which the garnishee should be exempt from paying interest during the garnishement. And *that reason* is, that, during the pendency of

the attachment proceeding, the garnishee is, while so exempt from paying interest, *holding* the money as a *trustee* for *another*, and *without using it or deriving any benefit from so holding it."*

The court further say, on page 459: "The precise question, therefore, before us, is, *may such fact* be *presumed* in favor of the debtor, or must it be proved by him, like any other defense, after the proof of his indebtedness and liability by the plaintiff?"

Now, it seems to us to be clear, from the context, that "such fact," which is to be presumed or proved, is the fact that during the pendency of the attachment proceedings the garnishee was holding the money as a trustee for another, and was not using it, or deriving any benefit from so holding it. And the court holds, in the second clause of the syllabus:
" A cause of exemption, in such case, will not be *presumed* in favor of a garnishee, but must be shown to exist like any other defense."

In that case the court further say: "The record shows no proof of such state of facts in this case. It is not pretended that the defendant, either before or during the attachment, expressed a wish or even willingness to pay his indebtedness. Nor does it appear that he was ready to pay." And the court notes the further fact that the debt had been due for some time previous to the attachment; and that it remained due for a long time after the attachment was dismissed or terminated, without any offer to pay on the part of the defendant, and that the defendant had it in his power to pay into court, and to have thereby released himself from further liability. And the court say that they do not think in such a case " any presumption arises from the fact of the attachment proceedings that should exempt the garnishee from paying interest during the pendency of such proceedings."

In the case at bar the railway company answers that it was at all times prepared, ready and willing to pay said amounts according to the terms of said contract, and in its amended answer sets out that it " was at all times ready, able and willing to pay the money garnisheed," etc. And it appears that Wood was appointed receiver by the court in Maryland, and notified the railway company, and claimed to be the owner of said accounts before the attachment proceedings; that as Wood was not made a party in said attachment proceedings, the railway company had reasonable grounds to think it could not, with safety, pay the money into court; that the money was garnisheed before it became due, and that it promptly paid the amount ordered to be paid in the attachment proceeding, and upon the determination of such proceeding, paid the balance over to the party entitled to it.

Do these facts establish, or does a legal presumption arise from these facts, that during these attachment proceedings, the garnishee, the railway company, *held the money as a trustee for the parties entitled to it, and without using it or deriving any benefit from so holding it?*

They certainly do not *establish* such proposition ; and the court, in *Candee* v. *Webster*, say a *presumption* " should always be a *natural and reasonable deduction* from pertinent circumstances and relative existing facts to constitute a legal presumption."

The railway company may have been prepared, ready, able and willing to pay, and yet may not have held the money covered by the garnishee process as a trustee for the parties entitled to it, without using it or deriving any benefit from so holding it.

The admitted facts show good faith and a willingness to pay on the part of the defendant below. But the rule in Ohio requires more than that to relieve a garnishee from an existing liability to pay interest, It must appear that the garnishee actually held the money without benefit from holding it.

The court further say, in *Candee* v. *Webster*, that "a party seeking to avail himself of an exemption from a general liability to pay interest on his indebtedness, under such circumstances, must show a state of facts as in equity entitled him to exemption." And the railway company claims that, as it was ready and willing to pay, and that as it had reasonable ground to think it could not pay into court with safety, that it has shown a case which would entitle it in equity to an exemption.

It does not seem to us that it was the intention of the court to extend or broaden the *reason* for an exemption laid down by the court in that case, as above stated.

It is further claimed by the railroad company, that when the attachment proceedings were commenced, the thirty days had not expired, and that *it* did not *elect*, under the contract, to delay payment more than thirty days, but that the law prevented payment, and that the payment was therefore delayed by an act over which the plaintiff had no control, and that the obligation to pay interest did not attach.

In the case of *Candee* v. *Webster*, the court quotes the statute of Ohio in regard to interest, and says, *Ib.* 459: "The statute makes no exception in favor of any legal proceedings."

The statute of 1824, cited in said case, is somewhat different from the present statute, but in the present statute, as in the statute of 1824, there is no exception in favor of legal proceedings.

It may be noted that the statute of 1824 provides that all creditors are entitled to receive interest "until such debt, money or property shall be paid," and the court quoting this say: "It has already been seen that the law subjecting the debtor to the liability of paying interest in this state, continues such liability as an incident to the debt until such debt, money or property is paid."

The present statute does not contain such provision, but the contract in the case at bar provides that the defendant should pay six per cent. interest on said amounts, after the expiration of said thirty days, *until said amounts were paid.*

It is claimed that to hold the railway company for interest under these circumstances, would be to impose the liability solely because the Maryland Steel Company failed to pay its obligations, thus forcing its creditors to attach its funds.

We hardly think this is a correct conclusion, as, under the rule laid in *Candee* v. *Webster*, the railway company is held to pay the interest because it has failed to show that it held the money as a trustee for the parties in interest, deriving no benefit from so holding it.

We think the court below was correct in sustaining the demurrer to the original answer, and in sustaining the motion to the amendment and granting judgment.

The judgment of the court below will be affirmed.

*C. B. Simrall*, for plaintiff in error.

*Hollister & Hollister* and *W. A. DeCamp*, for defendant in error.